*190
On Motion to Compel the Circuit Court Clerk to Prepare the Record on Appeal and Motion to Dismiss Appeal

PER CURIAM.
By motion, appellants seek an order from this Court compelling the clerk of the trial court to prepare a record on appeal in compliance with their directions. The instant appeal is from a denial by the trial court of movants-appellants’ “Amended Motion to Vacate Judgment and Sentence Pursuant to Florida Criminal Procedure Rule 3.850 [33 F.S.A.]”. The clerk of the trial court forwarded to this Court a complete transcript of the record pertaining to the collateral attack proceeding which was filed on April 30, 1973.
Appellants, in their directions to the Clerk, sought copies of every paper filed pertaining to them since their initial arrest, including a copy of the transcript of their trial proceedings. The records of this Court reflect that on the 25th day of January, 1972, in the case of Summersill and Gandy v. State,[1] a direct appeal from the judgments of conviction now assailed on collateral attack, this Court entered an order allowing these appellants 30 days subsequent to receipt of the record on appeal from the public defender within which to file their pro se brief. Also, a certificate of mailing filed in this Court reflects that the public defender forwarded a complete record of the trial proceedings to appellants on the 26th day of January, 1972.
Subsequent to filing the first mentioned motion, appellants filed another motion in this court entitled “Motion to Dismiss Appeal” wherein they moved the Court to dismiss this appeal “without prejudice to re-plead the case”. The grounds for the latter motion is basically that the entire record of their initial trial has not been furnished to them.
By caveat, we have in the records the prior direct appeal including a transcript of proceedings at arraignment and a transcript of the trial proceedings. Another review of this file gives little if any comfort to appellants in the instant proceedings. The citizens of this State, having already shouldered the burden of furnishing these appellants with counsel for their trial; with counsel for a direct appeal; a copy of the complete recordi on appeal in the trial of their cause; a complete and full appellate review of their judgments of conviction; and a complete transcript of their postconviction proceedings, it is the judgment of this Court that the instant motions are frivolous and without merit.
The respective motions are denied.
RAWLS, C. J., and SPECTOR and JOHNSON, JJ., concur.

. 263 So.2d 303 (1 Fla.App.1972).